IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-00544-FDW-DSC

| | |
|---|---|
| MATTHEW J. LACEY AND MELISSA A. LACEY, <br><br>**Plaintiffs,** <br><br>v. <br><br>SELEECT PORTFOLIO SERVICING, INC., a Pennsylvania Corporations; U.S. BANK, N.A., successor (Trustee) to BANK OF AMERICA, N.A., successor by merger to LASALLE BANK, NA, as trustee for certificate holders of BEAR STEARNS ASSET BACKED CERTIFICATES, SERIES 2004-1 (Holder), EMC MORTGAGE, L.L.C., f/k/a EMC MORTGAGE CORPORATOIN, JP MORGAN CHASE BANK, N.A., ROGERS TOWNSEND & THOMAS, PC, (Substitute Trustee) and MICHAEL SPICER (Substitute Trustee), <br><br>**Defendants.** | **ORDER** |

THIS MATTER is before the Court on Defendants Select Portfolio Servicing, Inc.'s ("SPS") and U.S. Bank's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. No. 17). For the reasons set forth below, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART.**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint "must provide enough facts to state a claim to relief that is plausible on its face." Robinson v. Am. Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads

1

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The court must "accept as true all well-pleaded allegations" and "construe the factual allegations in the light most favorable to the plaintiff." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994) (citing Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). However, the Court is "not so bound by the plaintiff's legal conclusions, since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." Id.

Plaintiffs concede that their claims against Defendant SPS for alleged violations of the Fair Credit Reporting Act and North Carolina's Prohibited Practices by Collection Agencies Act are barred or otherwise insufficient to survive a Defendants' Motion. (Doc. No. 21, pp. 1-2). Further, Plaintiffs fail to direct any allegations of wrongdoing against Defendant U.S. Bank. (See Doc. No. 1). Defendants argue as much in support of their Motion. (Doc. No. 18, p. 12). While not expressly conceded in their Response as the aforementioned claims against SPS were, Plaintiffs nevertheless fail to respond to Defendants' legal arguments with respect to U.S. Bank. As such, the Court deems Plaintiffs to have waived opposition to the dismissal of any purported claims against U.S. Bank. See Brand v. N.C. Dep't of Crime Control & Pub. Safety, 352 F.Supp.2d 606, 618 (M.D.N.C. 2004) (internal citations omitted). Regardless of whether waiver has occurred, Plaintiffs' claims lack the factual specificity as to U.S. Bank that would permit the Court, even construing all allegations and inferences in Plaintiffs' favor, to draw a reasonable inference that U.S. Bank is liable for the misconduct alleged.

IT IS, THEREFORE, ORDERED that Defendants' Motion to Dismiss (Doc. No. 17) is GRANTED with respect to Plaintiffs' claims for alleged violations of the Fair Credit Reporting Act and the North Carolina Prohibited Practices by Collection Agencies Act.

IT IS FURTHER ORDER that Defendant SPS's Motion to Dismiss the remainder of Plaintiffs' claims as to it is DENIED WITHOUT PREJUDICE. Defendant shall retain the right to re-raise its arguments at summary judgment.

IT IS FURTHER ORDERED that Defendant U.S. Bank's Motion to Dismiss (Doc. No. 17) is GRANTED.

**IT IS SO ORDERED.**

Signed: July 6, 2016

Frank D. Whitney
Chief United States District Judge