CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

BEFORE THE ARBITRATOR
HONORABLE WILLIAM H. FREEMAN

| | | |
|---|---|---|
| MATTHEW J. LACEY & WIFE, | ) | |
| MELISSA A. LACEY, a/k/a | ) | |
| MELISSA A. HEINZE a/k/a | ) | |
| MELISSA A. SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **DEFENDANTS EMC MORTGAGE** |
| vs. | ) | **CORPORATION AND BANK OF** |
| | ) | **AMERICA, NATIONAL** |
| | ) | **ASSOCIATION'S MOTION TO** |
| EMC MORTGAGE CORPORATION, | ) | **ENFORCE SETTLEMENT** |
| a Delaware Corporation; | ) | **AGREEMENT** |
| BANK OF AMERICA, NATIONAL | ) | |
| ASSOCIATION, as successor by | ) | |
| merger to LaSalle Bank National | ) | |
| Association, as (Trustee) for certificate | ) | |
| holders of Bear Stearns Asset) Backed | ) | |
| Securities, Inc., Asset Backed | ) | |
| Certificates, Series 2004-1 (Holder) | ) | |
| DAVID A. SIMPSON, (Substitute | ) | |
| Trustee); | ) | |
| DOES 1 THROUGH 100, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

EXHIBIT
3
LACEY

NOW COME defendants EMC Mortgage Corporation and Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as (Trustee) for certificate holders of Bear Stearns Asset Backed Securities, Inc., Asset Backed Certificates, Series 2004-1 (Holder) (collectively the "Defendants"), through counsel, and move the Arbitrator to enter an Order enforcing the settlement agreement reached between the Defendants and Plaintiffs. In support of this Motion, Defendants state as follows:

I.     On October 1, 2012, the Plaintiffs and Defendants (collectively the

"Parties") participated in a mediated settlement conference. During the mediation the Parties agreed that this matter could be settled if: (1) Defendants would agree to pay Plaintiffs $100,000 and release the Plaintiffs from the outstanding balance due and owing by Plaintiffs on the promissory note at issue in this matter; and (2) the Parties could agree on the other non-payment terms of a settlement agreement. (*See* emails attached hereto as Exhibit A).

2.      During the time that Defendants were considering whether or not they would agree to pay $100,000 and give the requested release, counsel for Plaintiffs requested a draft settlement agreement to review. (*See* email attached hereto as Exhibit B). As requested, a draft settlement agreement was provided by counsel for Defendants.

3.      On or about October 22, 2012, counsel for Defendants informed counsel for Plaintiffs that Defendants would agree to pay $100,000 and give the requested release and, at that time, counsel for the Parties began working out the remaining terms of the written settlement agreement. (*See* emails attached hereto as Exhibit C).

4.      As indicated by the email from counsel for Plaintiffs on October 26, 2012, (*see* Exhibit C), the only term of the written settlement agreement remaining to be agreed upon by the Parties at that time was the timing of the dismissal that was to be filed. On October 31, 2012, counsel for Defendants informed counsel for Plaintiffs that Defendants agreed on the Plaintiffs' proposed timing of the dismissal and sent a final version of the settlement agreement to counsel for Plaintiffs for execution. (*See* email attached hereto as Exhibit D and final version of the settlement agreement attached hereto as Exhibit E). At that point, all the terms of the settlement had been agreed upon and such terms are set

- 2 -

forth in the final version of the settlement agreement that is attached hereto as Exhibit E.

5.    On November 13, 2012, counsel for Plaintiffs sent an email to counsel for Defendants apologizing for the delay in having the final settlement agreement executed by Plaintiffs, and explaining that Plaintiffs' travel schedule has made is difficult to get it signed. (*See* email attached hereto as Exhibit F). Thereafter, counsel for Plaintiffs also assured counsel for Defendants that the Plaintiffs had agreed to sign the settlement agreement.

6.    As of the date of this Motion, Plaintiffs have still failed to sign the settlement agreement.

7.    Defendants have been and are ready and willing to perform their obligations under the settlement agreement in the method and manner outlined in the final version of the settlement agreement that is attached hereto as Exhibit E.

8.    The Parties came to a meeting of the minds on all of the terms of the settlement agreement, which are set forth in the final version of the settlement agreement that is attached hereto as Exhibit E. Therefore, the settlement agreement should be enforced and Plaintiffs should be required to execute and comply with all of their obligations under the settlement agreement.

WHEREFORE, Defendants respectfully request that the Arbitrator enter an Order enforcing the settlement agreement, requiring that this matter be completely disposed of pursuant to the terms of the settlement agreement attached hereto as Exhibit E, and requiring the Plaintiffs to execute and comply with all of their agreements and obligations under the settlement agreement.

Respectfully submitted this the 6th day of June, 2013.

/s/ Andrew A. Freeman
ALAN M. RULEY
N.C. State Bar No. 16407
Andrew A. Freeman
N.C. State Bar No. 41248
BELL, DAVIS & PITT, P.A.
100 North Cherry Street, Suite 600
Post Office Box 21029
Winston-Salem, NC 27120-1029
Telephone:    336/722-3700
Facsimile:    336/772-8153
Email:          aruley@belldavispitt.com
                    afreeman@belldavispitt.com

ATTORNEYS FOR DEFENDANTS EMC
MORTGAGE CORPORATION AND
BANK OF AMERICA, NATIONAL
ASSOCIATION

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2013, I served by email and U.S. Mail

the foregoing pleading on:

Travis E. Collum
travis@collumlaw.com
Stacy L. Williams
Sns763@aol.com
P.O. Box 1739
Mooresville, NC 28115
*Attorneys for Plaintiff*


Honorable William Freeman
wfreeman@triad.rr.com
701 Roslyn Rd.
Winston-Salem, NC 27104
*Arbitrator*


/s/ Andrew A. Freeman
ANDREW A. FREEMAN
N.C. State Bar No. 41248

| | |
|---|---|
| From: | Stacy Williams [Stacy@collumperry.com] |
| Sent: | Monday, October 15, 2012 4:43 PM |
| To: | Freeman, Andrew A.; William H. Freeman |
| Cc: | Ruley, Alan M.; Travis Collum |
| Subject: | RE: Lacey v. EMC |

Andrew:

Thank you for the update. What else is being considered other than the $100,000? It has been 15 days since we mediated this claim. We do not understand what is taking so long. If no decision has been made within the next day or so then we want to set an immediate arbitration date and move forward.

This is exactly what we expected so that is why we wanted the dates for performance set at the mediation. If we are able to move forward in accordance with the terms as agreed upon at the mediation then we think that it would be in the best interest of our clients for us to agree on the language in the settlement agreement and then have you forward the check and the agreement together. We do not trust EMC and have no idea what would keep them from having our client sign a release and then have them refuse to send the settlement proceeds or release the lien. Thank you for your assistance.

Stacy L. Williams
*Of-Counsel*



COLLUM & PERRY P.L.L.C.
Attorneys at Law

109 West Statesville Ave.
Mooresville, NC 28115
P: 704-663-4187
F: 704-663-4178

CONFIDENTIAL INFORMATION: The information contained in this message may contain legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this transmission is strictly prohibited. If you have received this communication in error, please notify us by telephone or e-mail immediately and return the original message to us or destroy all printed and electronic copies. Nothing in this transmission is intended to be an electronic signature nor constitute an agreement of any kind under applicable law unless otherwise expressly indicated. Intentional interception or dissemination of electronic mail not belonging to you may violate federal or state law.

IRS CIRCULAR 230 NOTICE: Any federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending any transaction or matter addressed in this communication.

---

**From:** Freeman, Andrew A. [mailto:AFreeman@belldavispitt.com]
**Sent:** Monday, October 15, 2012 4:24 PM
**To:** Stacy Williams; William H. Freeman
**Cc:** Ruley, Alan M.; Travis Collum
**Subject:** RE: Lacey v. EMC

Stacy:

EXHIBIT

A

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

We have made additional progress. EMC has agreed to a large portion of the settlement, they need to research and consider and the remaining portion of the settlement is still being considered by EMC. I hope that EMC will have a response very soon, but I do not think that will be today. I will let everyone know as soon as EMC has a response.

Thanks,
Andrew

 Andrew A. Freeman    Main: 336.722.3700    100 N. Cherry Street, Suite 600

Bell • Davis • Pitt    Direct: 336.714.4156    Winston-Salem, NC 27101

afreeman@belldavispitt.com    Fax: 336.722.8153    P.O. Box 21029

www.belldavispitt.com    Winston-Salem, NC 27120

The information contained in this email is privileged and confidential information intended only for review by the addressee(s). If you are not the intended recipient, or the employee or agent of the intended recipient responsible to deliver this email to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email, including any attachment to this email, is prohibited. If you have received this email in error, please destroy the communication and promptly notify the sender or contact our postmaster at postmaster@belldavispitt.com . Thank you for your cooperation.

**From:** Stacy Williams [mailto:Stacy@collumperry.com]
**Sent:** Monday, October 15, 2012 12:46 PM
**To:** Stacy Williams; William H. Freeman
**Cc:** Freeman, Andrew A.; Ruley, Alan M.; Travis Collum
**Subject:** RE: Lacey v. EMC

Andrew,

Please confirm today whether or not EMC is agreeing to the settlement. We need to move forward with this claim. If this is not resolved this year, the Lacey's will not be able to take advantage of the Mortgage Reduction Act of 2007 to write off the discharged debt. Thank you for your assistance.

Stacy L. Williams
*Of-Counsel*



COLLUM & PERRY PLLC
Attorneys at Law

109 West Statesville Ave.
Mooresville, NC 28115
P: 704-663-4187
F: 704-663-4178

CONFIDENTIAL INFORMATION: The information contained in this message may contain legally privileged and confidential information only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this transmission is strictly prohibited. If you have received this communication in error, please notify us by telephone or e-mail immediately and return the original message to us or destroy all printed and electronic copies. Nothing in this transmission is intended to be an electronic signature nor constitute an agreement of any kind under applicable law unless otherwise expressly indicated. Intentional interception or dissemination of electronic mail not belonging to you may violate federal or state law.

IRS CIRCULAR 230 NOTICE: Any federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending any transaction or matter addressed in this communication.

2

From: Stacy Williams
Sent: Tuesday, October 09, 2012 9:54 AM
To: 'William H. Freeman'
Cc: 'Freeman, Andrew A.'; 'Ruley, Alan M.'
Subject: Lacey v. EMC

Judge Freeman:

Thank you again for mediating this matter last Monday and we hope there is soon resolution in this claim. As mentioned at the mediation, the parties agreed to the following dates:

- October 11, 2012    Deadline for confirmation that EMC will settle for $100,000 and Mr. and Mrs. Lacey will own the house free of EMC lien.
- October 25, 2012    Deadline for having Settlement Agreement forwarded to the Plaintiff's for signatures
- November 26, 2012   Deadline for monies to be disbursed and mortgage satisfied of record.

We also agreed that if the above deadlines are not honored then we will contact you to set an arbitration date as soon as possible.

Stacy L. Williams
*Of-Counsel*



COLLUM & PEREY P.L.L.C.
A t t o r n e y s a t L a w
109 West Statesville Ave.
Mooresville, NC 28115
P:704-663-4187
F:704-663-4178

CONFIDENTIAL INFORMATION: The information contained in this message may contain legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this transmission is strictly prohibited. If you have received this communication in error, please notify us by telephone or e-mail immediately and return the original message to us or destroy all printed and electronic copies. Nothing in this transmission is intended to be an electronic signature nor constitute an agreement of any kind under applicable law unless otherwise expressly indicated. Intentional interception or dissemination of electronic mail not belonging to you may violate federal or state law.

IRS CIRCULAR 230 NOTICE: Any federal tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending any transaction or matter addressed in this communication.

CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER

Freeman, Andrew A.

| | |
|---|---|
| From: | Travis Collum [Travis@collumperry.com] |
| Sent: | Thursday, October 18, 2012 1:00 PM |
| To: | Freeman, Andrew A.; Stacy Williams; Ruley, Alan M. |
| Cc: | wfreeman@triad.rr.com |
| Subject: | Lacey v. EMC |

Andrew:

Since the deadline for circulating a proposed settlement agreement is only a week out do you mind sending over a draft for our markup?

I'd rather not get further behind schedule.

Thanks

Travis E. Collum



COLLUM & PERRY PLLC
Attorneys at Law

109 West Statesville Ave
Mooresville, NC 28115
P: 704-663-4187
F: 704-663-4178

1



EXHIBIT

B

Freeman, Andrew A.

| | |
|---|---|
| From: | Stacy Williams [Stacy@collumperry.com] |
| Sent: | Friday, October 26, 2012 10:05 AM |
| To: | Freeman, Andrew A. |
| Subject: | RE: Lacey v. EMC |

That is fine....what about us filing the dismissal within 10 days of receipt of the check? If that is good.....then send us the Agreement to have everyone sign.

---

From: Freeman, Andrew A. [mailto:AFreeman@belldavispitt.com]
Sent: Thursday, October 25, 2012 1:46 PM
To: Freeman, Andrew A.; Travis Collum; Stacy Williams; Ruley, Alan M.
Cc: William H. Freeman
Subject: RE: Lacey v. EMC

Stacy:
My client will need a W-9 from each party on the check, so if you want to add your law firm in addition to the two plaintiffs on the check then a W-9 will be needed from all three. Is that acceptable? Do you have any additional comments regarding the draft settlement agreement?

Thanks,
Andrew

---

From: Freeman, Andrew A.
Sent: Monday, October 22, 2012 11:22 AM
To: Freeman, Andrew A.; Travis Collum; Stacy Williams; Ruley, Alan M.
Cc: William H. Freeman
Subject: RE: Lacey v. EMC

Stacy:
Thank you for your telephone call. I have passed your proposed changes to the agreement regarding the timeline for dismissal and the W-9 issue on to my client for consideration and will let you know when I get a response. Also, I am not sure what the total mediator's bill is so far, but my client is willing to pay the first $3,000 of the bill as a part of this settlement agreement. I will let you know when I get response about your proposed changes.

Thanks,
Andrew

---

From: Freeman, Andrew A.
Sent: Monday, October 22, 2012 8:29 AM
To: Freeman, Andrew A.; Travis Collum; Stacy Williams; Ruley, Alan M.
Cc: William H. Freeman
Subject: RE: Lacey v. EMC

Travis and Stacy:
EMC is willing to pay $100,000 and release your clients from their obligations under the note to settle this matter and obtain a release from your clients. Do you have any comments on the draft settlement agreement?

Thanks,
Andrew


EXHIBIT
C

1

**CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER**

**From:** Andrew A. Freeman
**Sent:** Thursday, October 18, 2012 5:23 PM
**To:** Travis Collum; Stacy Williams; Ruley, Alan M.
**Cc:** William H. Freeman
**Subject:** Lacey v. EMC

Travis:

As requested, attached is a draft written agreement for you to review, which is being sent prior to any agreement being reached by the parties. My client is still considering the potential settlement and should have a response soon. I will let you know once my client has a response to the potential settlement.

Thanks,
Andrew

 Andrew A. Freeman

Bell • Davis • Pitt
afreeman@belldavispitt.com

Main:   336.722.3700
Direct: 336.714.4156
Fax:     336.722.8153
www.belldavispitt.com

100 N. Cherry Street, Suite 600
Winston-Salem, NC 27101
P.O. Box 21029
Winston-Salem, NC 27120

The information contained in this email is privileged and confidential information intended only for review by the addressee(s). If you are not the intended recipient, or the employee or agent of the intended recipient responsible to deliver this email to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email, including any attachment to this email, is prohibited. If you have received this email in error, please destroy the communication and promptly notify the sender or contact our postmaster at postmaster@belldavispitt.com . Thank you for your cooperation.

2

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

Freeman, Andrew A.

| | |
|---|---|
| From: | Freeman, Andrew A. |
| Sent: | Wednesday, October 31, 2012 8:22 AM |
| To: | Stacy Williams; Travis Collum |
| Cc: | Ruley, Alan M. |
| Subject: | Lacey v. EMC - settlement agreement |
| Attachments: | DOCS-#577050-v2-Lacey_v__EMC_-_draft_settlement_agreement-c.pdf |

Stacy and Travis:

Attached is the final version of the settlement agreement. My client has also agreed to your request regarding the timing of the dismissal. Please have your clients execute the attached agreement and return it to me. Please also have your clients and Collum & Perry, PLLC execute W-9s and send them to me. After receiving the signed agreement and W-9s my client will make the payment as set forth in the agreement and will also return to you a fully executed copy of the settlement agreement. Thank you for your patience in waiting for a response on your proposed changes to the agreement.

Best,
Andrew



Andrew A. Freeman

Bell • Davis • Pitt
afreeman@belldavispitt.com

Main: 336.722.3700
Direct: 336.714.4156
Fax: 336.722.8153
www.belldavispitt.com

100 N. Cherry Street, Suite 600
Winston-Salem, NC 27101
P.O. Box 21029
Winston-Salem, NC 27120

The information contained in this email is privileged and confidential information intended only for review by the addressee(s). If you are not the intended recipient, or the employee or agent of the intended recipient responsible to deliver this email to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email, including any attachment to this email, is prohibited. If you have received this email in error, please destroy the communication and promptly notify the sender or contact our postmaster at postmaster@belldavispitt.com . Thank you for your cooperation.



EXHIBIT

D

1

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into this the 1st day of November, 2012, by and between Matthew J. Lacey and Melissa A. Lacey a/k/a Melissa A. Heinze a/k/a Melissa A. Smith (collectively "Plaintiffs") and EMC Mortgage Corporation, Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee for certificate holders of Bear Stearns Asset Backed Securities, Inc., Asset Backed Certificates, Series 2004-1, and JPMorgan Chase Bank, National Association (collectively "Chase").

## RECITALS:

WHEREAS, the parties to this Agreement are parties to a dispute that was initiated by the Plaintiffs filing a lawsuit styled Matthew J. Lacey and wife, Melissa J. Lacey a/k/a Melissa J. Heinze a/k/a Melissa A. Smith v. EMC Mortgage Corporation, a Delaware Corporation, Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as (Trustee) for certificate holders of Bear Stearns Asset Backed Securities, Inc., Asset Backed Certificates, Series 2004-1 (Holder) David A. Simpson, (Substitute Trustee); Does 1 through 100, inclusive, General Court of Justice, Superior Court Division, Alexander County, North Carolina, Case No. 10 CVS 596, which was removed to the United States District Court for the Western District of North Carolina, Statesville Division, Civil Action No. 5:10-CV-173, which was subsequently compelled to arbitration and is currently pending in arbitration before the Honorable William H. Freeman, such dispute being referred to herein as the "Lawsuit."

WHEREAS, the parties have agreed to compromise and resolve all the claims, counterclaims, and defenses asserted against each other in the Lawsuit, and accordingly enter into this Agreement to accomplish their joint goal of settling and resolving all claims, counterclaims, and defenses between them.

Page 1 of 8

EXHIBIT
E

NOW THEREFORE, in consideration of the recitals and the mutual obligations contained in this Agreement, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties agree as follows:

1. **Dismissal of the Lawsuit:** Subject to the conditions set forth herein, Plaintiffs agree that they will not further pursue any claims in contract, tort or otherwise arising out of the allegations of the Lawsuit, and that Plaintiffs are contemporaneously herewith executing to Chase a release, such release being set forth in paragraph 3 below. Within ten (10) days after execution of this Agreement by all parties and Payment by Chase as set forth in Paragraph 2 below, Plaintiffs shall dismiss, with prejudice, all claims currently pending in the Lawsuit against Chase; including their claims in Civil Action No. 5:10-CV-173. Also, subject to the conditions set forth herein, Chase agrees that it will not further pursue any claims in contract, tort or otherwise arising out of the allegations set forth in the counterclaim that Chase has asserted in the Lawsuit, and that Chase is contemporaneously herewith executing to Plaintiffs a release, such release being set forth in paragraph 2 below. Upon execution of this Agreement by all parties, and Plaintiffs' dismissal of all claims asserted against Chase in the Lawsuit, Chase shall dismiss, with prejudice, all counterclaims currently pending in the Lawsuit against Plaintiffs.

2. **Payment to Plaintiffs and Release by Chase:** Within 21 days of Chase receiving both a copy of this Agreement executed by all parties and W-9s completed by Plaintiffs and Collum & Perry, PLLC, Chase agrees to pay Plaintiffs one hundred thousand dollars ($100,000.00). Payment of the $100,000.00 will be made by having a check made payable to Matthew J. Lacey, Melissa A. Lacey, and Collum & Perry, PLLC mailed to Plaintiffs' counsel, Travis E. Collum, P.O. Box 1739 Mooresville, NC 28115. Additionally, within 21 days of Chase receiving both a copy of this Agreement executed by all parties and W-9s completed by Plaintiffs and Collum & Perry, PLLC, Chase agrees to release and forever discharge Plaintiffs from all of the obligations evidenced in that certain promissory note dated January 30, 1997

Page 2 of 8

executed and delivered by Plaintiffs to Unicor Mortgage, Inc. and all amendments thereto (the "Note") and, in furtherance of such release Chase will, within the same time period, cause to be filed with the Alexander County Register of Deeds a Notice of Satisfaction of the Deed of Trust securing the Note that is recorded in Book 379 at Page 2393, in the Office of the Register of Deeds for Alexander County, North Carolina.

3. **Release of Chase:** Except for the obligations evidenced by this Agreement, and effective upon the execution by all parties to this Agreement, Plaintiffs hereby release and forever discharge Chase, its agents, attorneys, accountants, employees, successors, predecessors, heirs, assigns, and all persons or entities who are or might be liable, of and from any and all claims of any kind or character that Plaintiffs, or either of them, have or might have against Chase, whether known or unknown, including but not limited to all claims, counterclaims, crossclaims, actions, obligations, causes of action, or demands for breach of contract, torts, statutory violations, indemnification, contribution, damages, costs, penalties, expenses, attorneys' fees, exemplary, treble or punitive damages, legal or equitable relief, or anything else whatsoever, arising out of the facts, transactions, circumstances and occurrences relating to the Lawsuit.

4. **Severability:** This Agreement is intended to be performed in accordance with, and only to the extent permitted by, all applicable laws, ordinances, rules and regulations. If any provision of this Agreement, or the application thereof to any person or circumstance, shall for any reason and to any extent be invalid or unenforceable, but the extent of the invalidity or unenforceability does not destroy the basis of the bargain between the parties as contained herein, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby, but rather shall be construed and enforced to the fullest extent permitted by law.

5.      No Admission of Liability:  It is understood by the parties to this Agreement that each of the parties has denied and still denies that it engaged in any inappropriate conduct and further denies liability on the merits of all claims asserted in the Lawsuit, and that this Agreement is entered into purely as a compromise of disputed matters for the purpose of avoiding the uncertainty and further costs of arbitration. The settlement of these matters and the obligations created by this Agreement are not, and shall not be construed as, an admission of liability of any of the parties or any other person or entity on any claim, whether or not asserted in the Lawsuit.

6.      Costs, Expenses and Attorneys' Fees:  Chase agrees to pay the first $3,000.00 of the amount owed to the Honorable William H. Freeman for his services as mediator and arbitrator in this matter, and, if such amount exceeds $3,000.00, Plaintiffs agree to pay all other amounts owed to the Honorable William H. Freeman.  Otherwise, each party shall bear its own costs, expenses and attorneys' fees incurred in connection with the Lawsuit, its settlement and this Agreement.

7.      Confidentiality:  The parties agree that they will keep this Agreement and its terms confidential, except as necessary for tax reporting, responding to inquiries by government agencies or officials, or other legal and regulatory compliance.  If inquiry is made, the parties shall simply respond in substance that the Lawsuit was resolved.

8.      No Representations as to Effect of Agreement:  The parties represent and acknowledge that in executing this Agreement, no adverse party nor any of its representatives, agents or attorneys have made any representations with respect to the tax or legal consequences of any payments required to be made hereunder.  The parties further represent and agree that they have:  (1) been afforded full opportunity to discuss all aspects of this Agreement with legal counsel, accountants, tax advisors and/or financial advisors of their own choosing; (2) carefully

CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER

read and fully understand all of the provisions of this Agreement; and (3) voluntarily and knowingly sign this Agreement and documents attached hereto.

9. <u>No Other Promises or Inducements</u>: Each party represents and warrants that there have been no inducements, representations or agreements from the other causing, affecting, or in connection with this Agreement or the transactions contemplated hereby, except as expressly set forth in writing in this Agreement. Each party has undertaken such independent investigation and evaluation as they deem appropriate with respect to this Agreement.

10. <u>Consideration Acknowledged</u>: The parties acknowledge that the covenants contained in this Agreement provide good and sufficient consideration for every promise, duty, release, obligation and right contained in this Agreement.

11. <u>General Terms</u>:

(a) This Agreement shall be binding upon the parties hereto, their personal representatives, heirs, successors, and assigns.

(b) This Agreement shall be governed by and interpreted in accordance with the laws of the State of North Carolina.

(c) The parties covenant and agree that this Agreement contains the entire agreement between the parties hereto, that the terms hereof are contractual and not a mere recital, and that the performance of each and every term of the Agreement is an express condition to the performance of each and every other term. No provision in this Agreement may be amended or added to, except by an agreement in writing signed by the parties hereto or their respective successors in interest.

(d) This Agreement is the result of negotiations between the parties and shall be considered as being mutually drafted by the parties.

Page 5 of 8

(e)    This Agreement may be executed in two or more counterparts, transmitted by facsimile or otherwise, each of which shall be deemed an original, and all of which together shall constitute a single instrument.

(f)    All titles, headings and captions used in this Agreement are intended for administrative convenience only and do not constitute matters to be construed in interpreting this Agreement.

IN WITNESS WHEREOF, the parties have duly acknowledged this Settlement Agreement and Release as of the day and year first written above.

THIS SPACE INTENTIONALLY LEFT BLANK
SIGNATURES ON FOLLOWING PAGE

Page 6 of 8

MATTHEW J. LACEY

_____
Matthew J. Lacey
Date: _____

STATE OF NORTH CAROLINA
COUNTY OF _____

    Signed and sworn to (or affirmed) before me this day by _____.

Date: _____

(Official Seal)
                   _____
                   Official Signature of Notary

                   _____
                   Notary's printed or typed name, Notary Public

                   My commission expires: _____

MELISSA A. LACEY a/k/a MELISSA A. HEINZE a/k/a
MELISSA A. SMITH

_____
Melissa A. Lacey
Date: _____

STATE OF NORTH CAROLINA
COUNTY OF _____

    Signed and sworn to (or affirmed) before me this day by _____.

Date: _____

(Official Seal)
                   _____
                   Official Signature of Notary

                   _____
                   Notary's printed or typed name, Notary Public

                   My commission expires: _____

JPMORGAN CHASE BANK, National Association.

_____

JPMorgan Chase Bank, National Association
By:_____
Title:_____
Date: _____

STATE OF _____
COUNTY OF _____

    Signed and sworn to (or affirmed) before me this day by _____.

Date: _____

    *(Official Seal)*

_____
Official Signature of Notary

_____
Notary's printed or typed name, Notary Public

My commission expires: _____

Page 8 of 8

Freeman, Andrew A.

| | |
|---|---|
| **From:** | Stacy Williams [Stacy@collumperry.com] |
| **Sent:** | Tuesday, November 13, 2012 1:48 PM |
| **To:** | Freeman, Andrew A. |
| **Subject:** | RE: Lacey v. EMC – settlement agreement |

Andrew:

Sorry for the delay....Mr. Lacey is on the road and will not be back until after Thanksgiving. He has been hauling a lot to the Northeast. We are now working on the logistics of getting his signature. I will keep you posted. Thank you.

Stacy

---

**From:** Freeman, Andrew A. [mailto:AFreeman@belldavispitt.com]
**Sent:** Wednesday, October 31, 2012 8:22 AM
**To:** Stacy Williams; Travis Collum
**Cc:** Ruley, Alan M.
**Subject:** Lacey v. EMC – settlement agreement

Stacy and Travis:

Attached is the final version of the settlement agreement. My client has also agreed to your request regarding the timing of the dismissal. Please have your clients execute the attached agreement and return it to me. Please also have your clients and Collum & Perry, PLLC execute W-9s and send them to me. After receiving the signed agreement and W-9s my client will make the payment as set forth in the agreement and will also return to you a fully executed copy of the settlement agreement. Thank you for your patience in waiting for a response on your proposed changes to the agreement.

Best,
Andrew

 Andrew A. Freeman

Bell · Davis · Pitt
afreeman@belldavispitt.com

Main: 336.722.3700
Direct: 336.714.4156
Fax: 336.722.8153
www.belldavispitt.com

100 N. Cherry Street, Suite 600
Winston-Salem, NC 27101
P.O. Box 21029
Winston-Salem, NC 27120

The information contained in this email is privileged and confidential information intended only for review by the addressee(s). If you are not the intended recipient, or the employee or agent of the intended recipient responsible to deliver this email to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email, including any attachment to this email, is prohibited. If you have received this email in error, please destroy the communication and promptly notify the sender or contact our postmaster at postmaster@belldavispitt.com . Thank you for your cooperation.


EXHIBIT
F

1